IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEVI SUMMERS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 14-00124-WS-N |
| CYNTHIA STEWART,[1] | ) ) ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Levi Summers, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

I.  FINDINGS OF FACT.

According to the petition filed by Summers on March 17, 2014, he was indicted for intentional murder but convicted by a jury of manslaughter, a lesser included offense of murder, on January 14, 1998 (doc 1 at 2). He was sentenced to life in prison as an habitual offender (doc. 1 at 2, 33). The Alabama Court of Criminal Appeals affirmed his

---

[1] The warden of Fountain Correctional Facility is Cynthia Stewart, not Cynthia Steward (see Doc. 1, at 1). http://www.doc.alabama.gov/facility.aspx?loc=17 (last visited April 1, 2014).

conviction on December 22, 1998, and denied his motion for rehearing on February 8, 1999 (*id*. at 3). Summers declares that he does not know whether a petition for certiorari review was filed (*id.*). *But see*, In re Summers, 883 So.2d 277 (Table)(Ala. May 16, 2003)("Certiorari denied.").

On October 19, 2000, Summers filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, which was denied on June 14, 2001, after an evidentiary hearing (*id.* at 4). He filed a second Rule 32 petition on January 7, 2001, which was subsequently denied (*id.* at 4-5).[2] He filed a third Rule 32 petition on March 21, 2002, which was denied on April 9, 2002 (*id.* at 5). No evidentiary hearing was conducted with respect to Summers' second and third Rule 32 petitions (*id.* at 5). Summers did not appeal from the denial of any of his three Rule 32 petitions (*id.* at 5).

Summers filed the instant petition in this Court on March 17, 2014 (Doc. 1 at 39).[3] Although Summers has raised nine claims, only the following two are directed to his 1998 conviction of manslaughter and his life sentence: (1) the indictment followed the language of the Alabama intentional murder statute, Ala. Code 13A-6-2 (1975), but was not accompanied by a statement of the facts and circumstances to inform petitioner of the elements of "Reckless Manslaughter" (*id.* at 28-30); and (2) the trial judge failed to

---

[2] Summers did not give the date on which this Rule 32 petition was denied.

[3] Summers indicated that he signed the petition and delivered it to custodial authorities for mailing on March 14, 2014.

2

inform him of his constitutional right to be represented by counsel and have a hearing on his motion for a new trial (*id.* at 35-36).[4]

　　II.　　CONCLUSIONS OF LAW.

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999); *see* Jackson v. Secretary for the Department of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002)("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Rule 4.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing

---

[4] Most of the other seven claims raised in the petition, that is, the first five, do not "attach" to any of petitioner's several convictions; instead, those grounds simply challenge the alleged inadequacy of state and federal post-conviction remedies. (*See* Doc. 1 at 12-23). In Grounds Six and EIGHT, Summers references Alabama's parole statute and contends that the decisions of the Alabama Department of Pardons and Paroles to deny him parole—for the third time—on May 22, 2013 but to grant parole to Robert Stabler—on the first occasion he became eligible for parole consideration—amount to a denial of his constitutional right to equal protection of the law. (Doc. 1 at 23-28 & 31-34).  Although the undersigned believes that the impetus for petitioner filing the instant habeas corpus petition may have been the May 22, 2013 denial of parole by the Alabama Board of Pardons and Paroles, this Court cannot ignore Summers' representations that he is attacking his 1998 conviction in this petition.

for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2244(d), applicable to state prisoners' § 2254 petitions, provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply in this case. The timeliness of Summers' petition must be calculated under § 2244(d)(1)(A) based upon the date on which his manslaughter conviction became final. The Alabama Court of

Criminal Appeals affirmed Summers' manslaughter conviction on December 22, 1998, and denied his motion for rehearing on February 8, 1999 (doc. 1 at 3). Although not alleged in the petition, it is likely that the Alabama Court of Criminal Appeals would have issued a certificate of judgment February 26, 1999. *See* Ala.R.Crim.P. 41(a) ("The certificate of judgment of the court shall issue 18 days after the entry of judgment" unless a timely application for rehearing is filed . . . [and] [t]he timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals.....".) Summers does not know whether certiorari review in the Alabama Supreme Court was sought (*id*.). Assuming that certiorari review was not sought, Summers' manslaughter conviction would have become final on the date the certificate of judgment was entered, namely February 26, 1999. Under this scenario, Summers' one-year period of limitations under AEDPA began to run on February 26, 1999 and expired on February 26, 2000.

Even if the Court assumed that Summers sought certiorari review, such effort would only have extended the date on which his conviction became final to May 26, 1999. "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the clerk within 90 days after entry of the order denying discretionary review." *See* Sup.Ct. R. 13. (emphasis added). When calculating the timeliness of a habeas petition brought under section 2254 the Eleventh Circuit has stated that the conviction does not become final until "90 days after entry of judgment in the state court of last resort." Jackson v. Secretary for the Dept. of Corrections, 292 F.3d 1347, 1348-49

(11th Cir. 2002). Under this scenario, Summers' one-year period of limitations under AEDPA would have begun to run on May 26, 1999 and expired on May 26, 2000.[5]

Section 2244(d)(2) of the AEDPA tolls the limitations period for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See* In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006); Bonner v. Forniss, 2014 WL 1092773, *3 (S.D. Ala., March 20, 2014). However, Summers filed no petitions that would toll AEDPA's limitation period. In either scenario discussed above, Summers' first Rule 32 attack was not filed until October 19, 2000, which was at least five months after the one-year statute of limitations applicable to his manslaughter conviction had expired. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

In addition, Summers last Rule 32 petition was filed March 21, 2002 and denied April 9, 2002. Summers present federal habeas petition was filed on March 17, 2014,

---

[5] It must be noted that failure to seek certiorari review by the Alabama Supreme Court prevents the court of last resort in Alabama from considering his direct appeal and the Supreme Court of the United States would, in that case, be unable to consider petitioner's case on direct review. *See* Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) ("The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of 'the highest court of a State in which a decision could be had.' ... A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States.... In the absence of a clear statutory or constitutional bar to higher state court review ... the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for writ of certiorari.").

which was nearly twelve years after the denial of his last Rule 32 petition and at least fourteen years since the expiration of the AEDPA statute of limitations. Consequently, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence.

In Holland v. Florida, 560 U.S. 631 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (*Id*. at 645, 649). For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." Diaz v. Secretary for the Dept. of Corrections, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to

7

file his petition on time. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). The Supreme Court in Holland indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at 653, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing. date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again

8

> despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id*. at 651-652. It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See* San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom* San Martin v. Tucker, --- U.S. ---, 132 S.Ct. 158 (2011).

Summers makes no argument that he is entitled to equitable tolling of the one year limitations period. Specifically, he makes no "actual innocence" argument and offers no new evidence in support of such a claim. In McQuiggin v. Perkins, --- U.S. ---, 133 S.Ct. 1924, 1928 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are **rare**[.]" *Id*. (emphasis in original). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*., *quoting* Schlup v. Delo, 513 U.S. 298, 329 (1995) (other citation omitted); *see also* Stevens v. United States, 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013).

The Court is, therefore, left in this case with Summers' argument that ADEPA's one-year limitations period is unconstitutional (*see* doc. 1, at 15-20). More specifically,

9

Summers argues that "[i]t's a miscarriage of justice to allow Federal Act AEDPA 28 U.S.C. 2244(d)(1)['s one-year limitations period] to override . . . the fundamental 14th Amendment Due Process right to a hearing . . . and determination of claims of violation of federal constitutional guarantees." (*Id*. at 18). Summers further argues that AEDPA's one-year limitations period "is not supreme law of the land because it[] conflicts [with "is not supreme law of the land because it[] conflicts [withand is] not in accord with the constitutional design of the United States Constitution[,]" specifically the First and Fourteenth Amendments. (*Id*. at 20). Summers' argument in this regard is without merit. AEDPA's limitations period does not abridge any privileges or immunities of citizens of the United States, *see* U.S. CONST. amend XIV, § 1, or deprive anyone of the right to petition the government for redress of grievances, *see* U.S. CONST. amend. I, inasmuch as the statute specifically allows a period of time by which petitioners can collaterally attack their state convictions in federal court. Indeed, the Eleventh Circuit has specifically determined that "'as a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus'." Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001)(*quoting* Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1217 (11th Cir. 2000)), *cert. denied*, 534 U.S. 1144 (2002). "Moreover, the availability of equitable tolling in cases 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence,' ensures that § 2244(d)'s limitation is constitutionally applied[.]" *Id*. (internal citation omitted). As previously indicated, Summers makes no equitable tolling

argument and is not entitled to equitable tolling, nor can his constitutional argument withstand scrutiny because it is nothing more than a suspension of the writ argument clothed in First and Fourteenth Amendment language. Thus, Summers' arguments fail and his federal habeas petition is due to be dismissed as time-barred. *Cf.* Justo v. Culliver, 317 Fed.Appx. 878, 881 (11th Cir. Aug. 21, 2008) ("Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.").

## CERTIFICATE OF APPEALABILITY/IN FORMA PAUPERIS

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in

a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, Jackson, *supra*, 292 F.3d at 1349, within the context of Rule 4, Johnson v. Chase, 2006 WL 2949442, *1 (S.D. Ga. Oct. 16, 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation sua sponte and dismiss those actions that are time barred."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Summers should be allowed to proceed further, Slack, supra, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. S*ee* Castrejon v. United States, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), report and recommendation adopted by 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); Griffin v. DeRosa, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), report and recommendation adopted *sub nom* Griffin v. Butterworth, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

CONCLUSION

For the reasons stated above, it is the recommendation of the undersigned that Levi Summers' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal in *forma pauperis*.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013)(emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  8th  day of April, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**